Plaintiff's Name **Steven Jon Smith**
Inmate No. **AG-9176**
Address **Taft Modified CCF**
**B1-Bunk 22; P.O. Box 1017**
**Taft Ca. 93268-0006**

RECEIVED JUL -2 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

FILED JUL 02 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Steven Jon Smith
(Name of Plaintiff)

Case Number: 1:14-CV-01036 SKO (PC)

vs.

COMPLAINT

**California Prison Industry Authority**
**CALPIA**

Civil Rights Act, 42 U.S.C. § 1983

(Names of all Defendants)

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

A. Have you brought any other lawsuits while a prisoner? Yes ___ No **X**

B. If your answer to A is yes, how many? **N/A**
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

1. Parties to this previous lawsuit:

Plaintiff **N/A**

Defendants _____

2. Court (if Federal Court, give name of District; if State Court, give name of County)
**N/A**

3. Docket Number **N/A**    4. Assigned Judge _____

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

6. Filing date (approx.) _____    7. Disposition date (approx.) _____

1

II.  Exhaustion of Administrative Remedies

    A.  Is there an inmate appeal or administrative remedy process available at your institution?

    Yes **x**  No___

    B.  Have you filed an appeal or grievance concerning <u>ALL</u> of the facts contained in this complaint?

    Yes **x**  No___

    If your answer is no, explain why not _____

    C.  Is the process completed?

    Yes **x**  If your answer is yes, briefly explain what happened at each level.

    ~~Request were denied~~

    No___  If your answer is no, explain why not.

NOTICE:  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process <u>before</u> filing suit, regardless of the relief offered by the process. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** <u>Booth</u>, 532 U.S. at 734.

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

    A.  Defendant **CALPIA** is employed as **California Prison Industry** at _Los Angeles, California_

2

B.  Additional defendants _____

IV.  **Statement of Claim**

(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

California Prison Industry Authority (CALPIA) recalled the bar soap on July 28, 2012 and stated the soap has an ingredient that contains a substance that is listed in California Proposition 65. All bar soap was recalled. Instruction was provided to staff on how to dispose of this soap and to take percautionary measures for instance; (The inmates was never informed how to do anything but to bring all your soap down and throw into a 50 gal. container.) The inmates was never informed what this ingredient/chemical name or identity. Staff was instructed to dispose the soap and to take percautionary measures for instance; (use latex or nitrile gloves while handling; if there's evidence of or the potential to create dust during the collection and separation of the soap, wet it down with a spray bottle filled with ordinary tap water. At the conclusion of

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Emotional distress is significant enough without the immediate presence of physical trauma. Cancer grow at anytime when cancer chemical exposed to the body (carcinogenic chemicals.) With the fear of contacting the disease and any other sickness develop in petitioners body; Petitioner will be asking for damages in the amount of $10,000,000.00 (million dollars); for the cost of Medical Diagnosis to detect this disease and the high rate of percentage of getting cancer will ask for $10,000,000.00 (million dollars); and the life expectancy and mental anguish in the amount of $10,000,000.00 (million dollars). Punitive damages $20,000,000.00 (million dollars.)

I declare under penalty of perjury that the foregoing is true and correct.

Date 6-23-14          Signature of Plaintiff _Steven Smith_

(revised 6/01/04)

3

STATEMENT OF CLAIM CONTINUE:

the process, remove the gloves and wash all exposed body parts with ordinary tap water. This product (bar soap) is very hazardous product because, the Department of Toxic Substance Control got involved and instructed how to transport and expose in 55 gal. drums and a bill of lading for every container was required. As a prisoner of CDCR, Petitioner Steven Jon Smith has been exposed to this chemical and has used this product for many years. CDCR/CALPIA did not inform the prison population, did not inform petitioner, as well as in reference to this carcinogenic chemical and how this exposure will affect the human body, other than the ingredient causes cancer.

Today, I hold CALPIA liable, responsible for this exposure. Being exposed increased my chances of contracting the disease cancer. CALPIA failed to exercise due care to protect the prisoners from being exposed to cancer causing chemicals.

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(CALIF. CCP s 2015.5)

I, **Steven Jon Smith**, declare:

I am over 18 years of age and a party to this action. I am a resident of **Taft Modified CCF** _____ Prison.

in the county of _____,

State of California. My prison address is: **Taft Modified CCF; P.O. Box 1017, B1- Bunk 22; Taft, Ca. 93268-0006**,

On _____ (DATE),

I serve the attached: **Civil Complaint and Informal Paupers Application**

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

**Clerk of the U.S. District Court
for the Eastern District of California
2500 Tulare Street, Suite 1501
Fresno, Ca. 93721-2201**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **6-23-14**
(DATE)

_____
(DECLARANT'S SIGNATURE)

Mailed Pursuant To: Cal Rule C s 8.25 (b) (5); <u>In Re Jordan</u> (Cal. 1992) 13 Cal Rptr 2nd 878, 880.