# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JON SMITH, | Case No. 1:14-cv-01036-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| CALIFORNIA PRISON INDUSTRY AUTHORITY, et al., | ORDER DISMISSING ACTION |
| Defendants. | |

Plaintiff Steven Jon Smith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 2, 2014. He consented to the jurisdiction of the Magistrate Judge on July 25, 2014.

On March 17, 2015, the Court issued a screening order which dismissed the complaint for failure to state a claim. Plaintiff was granted an opportunity to file an amended complaint. On August 13, 2015, Plaintiff filed a First Amended Complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.     Discussion

Plaintiff, who is currently incarcerated at Taft Modified Community Correctional Facility in Taft, California, is suing John Does 1 through 5, who are manufacturers of California Prison Industry Authority ("CALPIA") soap, for emotional distress and possible future damages.  Plaintiff's claim arises from his past use of bar soap that was recalled on July 28, 2012, after it was found to contain an unidentified chemical identified in Proposition 65.  The Court takes judicial notice that on July 30, 2012, CALPIA recalled bar soap for the following stated reason: "During an annual inspection, a trace amount of a chemical listed as a carcinogen under Proposition 65 was

found to be present in the soap's fragrance."[1]  For the reasons which follow, Plaintiff fails to state a claim for relief.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  *Morgan*, 465 F.3d at 1045 (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); *Rhodes*, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

While unsafe or hazardous conditions of confinement may violate the Eighth Amendment, there are no facts supporting a claim that anyone acting under color of state law knowingly disregarded a substantial risk of harm to Plaintiff's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010);

---

[1] The Court may take judicial notice of information on government websites.  Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).  The recall notice underpinning the claim in this lawsuit is found at: http://www.calpia.ca.gov/pdf/Public_Affairs/2012-July/Soaprelease07302012.pdf.

*Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009).  Negligence does not suffice to support an Eighth Amendment claim.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1081-82 (9th Cir. 2013); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

Finally, Plaintiff may not pursue a claim for emotional or mental distress in the absence of a physical injury which is more than *de minimis*.  42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *accord Pierce v. County of Orange*, 526 F.3d 1190, 1123-24 (9th Cir. 2008).  In this case, Plaintiff has not suffered from any physical injury and his assertion that he may develop cancer someday is purely speculative.

### III.  Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided with the opportunity to amend and he was unable to cure the deficiencies.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130.  Based on the nature of the deficiencies, further leave to amend is not warranted, and the Court HEREBY ORDERS as follows:

1. Plaintiff's complaint is dismissed, without leave to amend, for failure to state a claim under section 1983;
2. The Clerk of Court is directed to enter judgment; and
3. The dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **June 24, 2016**              /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE